IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AARON HALL,

Defendant.                                              No. 90-CR-30089-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Hall's motion to reduce the term of imprisonment under Title 18, U.S.C. 3582(c)(2) (Doc. 335). Hall argues that the Court should reduce his sentence because in 1993, the Sentencing Commission amended the commentary to **U.S.S.G. Section 3B1.1** "to specify that in order to receive this enhancement the defendant must have organized, led, manage, or supervised at least one other participant of the criminal activity." and under the facts of this case he was not entitled to the enhancement. Based on the following, the Court dismisses the motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. ***See Carlisle v. United States*, 517 U.S. 416 (1996)**. **18 U.S.C. § 3582** defines the circumstances under which district courts may modify sentences and otherwise *prohibits* district courts from doing so, unless "expressly permitted by statute or by

Rule 35 of the Federal Rules of Criminal Procedure;" **18 U.S.C. § 3582(C)(1)(B)**.

Section **3582(c)(2)** provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

**18 U.S.C. § 3582(c)(2) (emphasis added);** *see United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir. 1999)**.

The Court finds that Hall is not entitled to relief under **§ 3582(c)(2)**. None of the bases set forth in section 3582 for modification of a sentence is applicable here. Section **1.B1.10** of the United States Sentencing Guidelines ("U.S.S.G.") is the relevant "policy statement" here. That section specifically and exhaustively list the amendments whose retroactive application under section 3582(c)(2) is authorized. *See* **U.S.S.G. §1B1.10(c)**. It further provides that, "[i[f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." **U.S.S.G. § 1B1.10(a)**.

Here, Hall is referring to Amendment 500 which amended the application notes to **U.S.S.G. § 3B1.1** and went into effect on November 1, 1993 (after Hall's December 18, 1991 sentencing). Amendment 500 does not apply retroactively pursuant to section **§ 3582** because it is not included in **section**

**1B1.10(c)**'s list of retroactively applicable amendments. Therefore, this Court is without jurisdiction to entertain Hall's motion and neither **18 U.S.C. § 3582** nor the amended **U.S.S.G. § 3B1.1** provides any basis for the requested modification of Hall's sentence. ***See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993)(declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))** .

Accordingly, the Court dismisses for lack of jurisdiction Hall's motion to reduce the term of imprisonment under Title 18, U.S.C., Section 3582(c)(2)(Doc. 335).

**IT IS SO ORDERED.**

Signed this 23rd day of March, 2009.

/s/ *David R Herndon*
**Chief Judge
United States District Court**